## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BILLY BERNARD BRITT,**

        **Plaintiff,**        **CIVIL ACTION NO. 05-CV-72500-DT**

      **vs.**        **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**DONALD TUTTLE, ET AL.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT DONALD TUTTLE PURSUANT TO RULE 37

Before the Court is Plaintiff's Motion for Sanctions Against Defendant Donald Tuttle Pursuant to Rule 37, filed on October 21, 2005. The Honorable Bernard A. Friedman referred this matter to the undersigned for hearing and determination pursuant to 28 USC 636(B)(1)(A) on October 27, 2005. Defendant Tuttle filed his Response to Plaintiff's Motions for Sanctions on November 22, 2005. This Court, exercising its discretion under Local Rule 7.1(e)(2), elected to waive oral argument and decided the matter on the briefs. The Court communicated its ruling by means of a scheduled telephonic conference to the parties involved on November 28, 2005.

In his motion Plaintiff seeks 1) an Order compelling the deposition of Defendant Tuttle at a date and time certain; 2) an Order requiring Tuttle to pay costs and attorney fees incurred as a result of his deposition not going forward October 7, 2005; and 3) any other relief deemed appropriate.

On August 22, 2005 Plaintiff's counsel served written notice of Defendant Tuttle's October 7, 2005 deposition upon Tuttle, a *pro se* defendant, Defendant Sinagoga, a *pro se* defendant, and John Davidson, a *pro se* defendant. On October 6, 2005 William M. Donovan,

Esq.  entered his appearance on behalf of Defendant Sinagoga.  Mr. Donovan was unable to

attend the October 7, 2005 deposition of his client as noticed and communicated this to

Defendant Tuttle on October 6, 2005.  Consequently  Defendant Tuttle, on October 6, 2005,

advised Plaintiff's counsel that he would not appear at his deposition scheduled the next day.

Although Sinagoga as a *pro se* defendant  had received notice of the October 7, 2005 deposition

of Defendant Tuttle, his attorney, Mr. Donovan, was given no written notice of the deposition of

his client after filing his appearance in the case.  FRCP 5 (b)(1) requires that "service...on a party

represented by an attorney is made on the attorney...".    FRCP 30 (b)(1) states that "a party

desiring to take the deposition of any person upon oral examination shall give *reasonable* notice

in writing to every other party to the action[.]"  (emphasis added).      Even assuming, *arguendo*,

that  Plaintiff's counsel had caused a written notice of deposition to be served upon Mr. Donovan

on October 6, 2005,  twenty four hours notice is not reasonable notice.  This is true particularly

in light of Mr. Donovan's pre-existing scheduling conflict which prevented his participation in

Mr. Tuttle's deposition as originally noticed.   Plaintiff is not entitled to sanctions under these

facts.

       For the reasons stated above, Plaintiff's Motion for an Order compelling the deposition of

Defendant Tuttle at a date and time certain is GRANTED.  Defendant Tuttle will deposed on

Thursday, December 8, 2005 at 10:00 a.m. in the offices of Plaintiff's counsel, Mr. McKenney,

and will proceed until completed.

       Plaintiff's motion for sanctions and other relief is DENIED.

       IT IS SO ORDERED.

Dated: November 29, 2005          s/ Mona K. Majzoub_____
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**<u>Proof of Service</u>**

       I hereby certify that a copy of this Order was served upon Counsel of Record and Donald Tuttle on this date.

Dated: November 29, 2005            <u>s/ Lisa C. Bartlett                 </u>