UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY BERNARD BRITT,

        Plaintiff,            CIVIL ACTION NO.  05-CV-72500-DT

  VS.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

DONALD TUTTLE,         MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT TUTTLE'S MOTION FOR SANCTIONS

Before the Court is Defendant Tuttle's Motion for Sanctions filed on August 3, 2006. (Docket no. 60). Plaintiff has responded to the motion. (Docket no. 63). Pretrial matters have been referred to the undersigned. (Docket no. 64). This matter is therefore ready for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, this motion will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

Defendant Tuttle moves for sanctions under Fed. R. Civ. P. 11 against Plaintiff Britt and Plaintiff's attorneys, Hyman Lippitt PC. (Docket no. 60, br. at 1). Defendant Tuttle alleges that Plaintiff's Attorney McKenney signed the Complaint containing allegations against Tuttle which he knew or should have known lacked factual support thereby violating Rule 11. (*Id.* at 4). Defendant Tuttle also alleges that Attorney McKenney filed a motion to amend the Complaint, with a proposed Complaint repeating the false allegations against Tuttle. (*Id.* at 6). Defendant Tuttle also argues that Plaintiff Britt himself should be sanctioned because he had reason to know that the claims had no factual basis. (*Id.* at 6-7). Defendant Tuttle seeks an award of sanctions against Plaintiff and counsel

Hyman Lippitt PC jointly in an amount in excess of $34,525. (*Id.* at 10). Defendant Tuttle's motion was served on August 1, 2006, just two days before the motion was filed in this Court. (*Id.*, certificate of service).

Plaintiff points out in his Response that Defendant Tuttle failed to follow the procedures set out in Rule 11(c)(1)(A). This provision requires that the motion for sanctions "be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). The Sixth Circuit has held "that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Under this authority the Court cannot grant Defendant Tuttle's motion for sanctions. The motion was served on August 1, 2006 and filed with the Court on August 3, 2006. Defendant Tuttle therefore failed to give Plaintiff the twenty-one day safe harbor period to withdraw the offending filing. In addition, summary judgment was granted to Defendant Tuttle on July 7, 2006 (docket no. 50). This motion for sanctions was filed after all claims against Defendant Tuttle were dismissed. Rule 11 sanctions are not available to a party who waits to move for sanctions until after summary judgment is granted. *Ridder*, 109 F.3d at 297.

**IT IS THEREFORE ORDERED** that Defendant Tuttle's Motion for Sanctions (docket no. 60) be **DENIED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 08, 2006        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 08, 2006        s/ Lisa C. Bartlett
                                Courtroom Deputy